UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADVANCED MARKETING SYSTEMS, LLC** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil No. _____ | |
| § | | |
| **THE KROGER CO.** § | JURY TRIAL | |
| § | | |
| Defendant. § | | |
| _____§ | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Advanced Marketing Systems, LLC ("AMS"), by counsel, hereby sets forth its Original Complaint against Defendant, The Kroger Company ("Kroger"), as follows:

## NATURE OF THE CASE

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. AMS seeks monetary damages and injunctive relief in this action for this patent infringement.

## THE PARTIES

2. Plaintiff AMS is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at Six Gisborne Place, Old Greenwich, CT 06870. AMS is in the business of software and computer management solutions for marketing and promotion applications.

3. Upon information and belief, defendant Kroger is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business located at 1014 Vine Street, Cincinnati, OH 45202, and can be served with process by delivering a copy of the

summons and complaint to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Kroger is in the retail grocery business.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action which relate to patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(b), because Kroger resides in and has a regular and established place of business in this District and the acts of infringement occurred in this District and elsewhere.

## COUNT I
(Infringement of U.S. Patent No. 8,219,445)

6. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 5 above.

7. On July10, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,219,445 entitled "Promotion Processor and Management System" ("the '445 Patent").  A true and correct copy of the '445 Patent is attached as Exhibit 1.

8. AMS is the owner of the '445 Patent and has all substantial rights and interests in the '445 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '445 Patent.

9. Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the '445 Patent by making and/or using a website and/or mobile application that embody the patented invention.

10. Kroger's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Kroger Plus Card (i.e., loyalty card) for later redemption at time of purchase.

11. AMS provided Kroger with actual notice, in writing and otherwise, of the '445 Patent and Kroger's infringing activity, and demanded that Kroger cease and desist from infringing the '445 Patent.

12. Kroger has intentionally and willfully infringed the '445 Patent and continues to intentionally and willfully infringe the '445 Patent.

13. AMS has suffered damages and will continue to suffer damages as a result of Kroger's infringement of the '445 Patent. AMS is entitled to damages as provided for by law for Kroger's infringement of the '445 Patent.

14. As a result of Kroger's infringement of the '445 Patent, Kroger has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

## COUNT II
(Infringement of U.S. Patent No. 8,370,199)

15. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 14 above.

16. On February 5, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,370,199 entitled "Promotion Processor and Management System" ("the '199 Patent"). A true and correct copy of the '199 Patent is attached as Exhibit 2.

17. AMS is the owner of the '199 Patent and has all substantial rights and interests in the '199 Patent, including without limitation, the right to sue and recover damages for past,

present, and future patent infringement and therefore has standing to sue for infringement of the '199 Patent.

18. Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the '199 Patent by making and/or using a website and/or mobile application that embody the patented invention.

19. Kroger's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Kroger Plus Card (i.e., loyalty card) for later redemption at time of purchase.

20. AMS provided Kroger with actual notice, in writing and otherwise, of the '199 Patent and Kroger's infringing activity, and demanded that Kroger cease and desist from infringing the '199 Patent.

21. Kroger has intentionally and willfully infringed the '199 Patent and continues to intentionally and willfully infringe the '199 Patent.

22. AMS has suffered damages and will continue to suffer damages as a result of Kroger's infringement of the '199 Patent. AMS is entitled to damages as provided for by law for Kroger's infringement of the '199 Patent.

23. As a result of Kroger's infringement of the '199 Patent, Kroger has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

## COUNT III
(Infringement of U.S. Patent No. 8,538,805)

24. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 23 above.

25. On September 17, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,538,805 entitled "Promotion Processor and Management System" ("the '805 Patent"). A true and correct copy of the '805 Patent is attached as Exhibit 3.

26. AMS is the owner of the '805 Patent and has all substantial rights and interests in the '805 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '805 Patent.

27. Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the '805 Patent by making and/or using a website and/or mobile application that embody the patented invention.

28. Kroger's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Kroger Plus Card (i.e., loyalty card) for later redemption at time of purchase.

29. AMS provided Kroger with actual notice, in writing and otherwise, of the '805 Patent and Kroger's infringing activity, and demanded that Kroger cease and desist from infringing the '805 Patent.

30. AMS has suffered damages and will continue to suffer damages as a result of Kroger's infringement of the '805 Patent. AMS is entitled to damages as provided for by law for Kroger's infringement of the '805 Patent.

31. As a result of Kroger's infringement of the '805 Patent, Kroger has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

## EXCEPTIONAL CASE

32.     Kroger's infringement of the '445, '199 and '805 Patents and the circumstances surrounding that infringement render this case exceptional under 35 U.S.C. § 285 and AMS is therefore entitled to its reasonable attorneys' fees and costs.

## JURY DEMAND

33.     Plaintiff AMS demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff AMS prays for the following relief:

a.      That the Court enter a judgment that Kroger has infringed, the '445, '199 and '805 Patents in violation of 35 U.S.C. § 271;

b.      That the Court enter a judgment that Kroger's infringement of the '445, '199 and '805 Patents was willful;

c.      That the Court award damages to AMS against Kroger adequate to compensate AMS for Kroger's past infringement of the '445, '199 and '805 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses;

d.      That the Court award enhanced damages pursuant to 35 U.S.C. § 284, including enhanced damages based upon Kroger's willful infringement of the '445, '199 and '805 Patents;

e.      That the Court permanently enjoin Kroger, its officers, agents, servants, employees, parents, subsidiaries, affiliates, and successors from infringing the '445, '199 and '805 Patents;

f.      That the Court determine this case to be exceptional under 35 U.S.C. § 285, and that AMS be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

    g.    That the Court award of pre-judgment and post-judgment interest and costs to AMS;

    h.    That the Court grant such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

By: /s/Michael D. Pegues
Michael D. Pegues
Texas State Bar No. 15730600
Michael.Pegues@bgllp.com
Scott F. Courtney
Texas State Bar No. 24084384
Scott.Courtney@bgllp.com

BRACEWELL & GIULIANI, LLP
1445 Ross Avenue
Suite 3800
Dallas, Texas 75202-2724
Phone: 214-468-3800
Fax: 214-468-3888

By: /s/Kurt C. Rommel
Kurt C. Rommel, *pro hac vice* motion pending
Virginia State Bar No. 20466
krommel@milesstockbridge.com
Michael A. Messina, *pro hac vice* motion pending
Virginia State Bar No. 86719
mamessina@milesstockbridge.com
Stephen Cobb, *pro hac vice* motion pending
Virginia State Bar No. 75876
scobb@milesstockbridge.com

MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: 703-903-9000
Fax: 703-610-8686

**ATTORNEYS FOR PLAINTIFF
ADVANCED MARKETING SYSTEMS, LLC**