**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ADVANCED MARKETING SYSTEMS, LLC,** | § | |
| | § | |
| | § | **Case No.: 3:14-cv-02065** |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| vs. | § | |
| | § | |
| **THE KROGER CO.**, | § | |
| | § | |
| Defendant. | § | |

## ANSWER

For its Answer to the Complaint of Plaintiff, Advanced Marketing Systems, LLC ("AMS"), Defendant, The Kroger Co. ("Kroger"), states as follows:

## NATURE OF THE CASE

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. AMS seeks monetary damages and injunctive relief in this action for this patent infringement.

**ANSWER:** Paragraph 1 of the Complaint does not contain any allegations to which a response is required. However, to the extent that paragraph 1 was intended to elicit a response, Kroger admits that the Complaint purports to be a patent infringement action brought by AMS seeking damages and an injunction. Kroger denies all other allegations in paragraph 1.

## THE PARTIES

2. Plaintiff AMS is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at Six Gisborne Place,

Old Greenwich, CT 06870. AMS is in the business of software and computer management solutions for marketing and promotion applications.

**ANSWER:** Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies these allegations.

3. Upon information and belief, defendant Kroger is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business located at 1014 Vine Street, Cincinnati, OH 45202, and can be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Kroger is in the retail grocery business.

**ANSWER:** Kroger admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action which relate to patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Kroger admits the allegations of paragraph 4.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(b), because Kroger resides in and has a regular and established place of business in this District and the acts of infringement occurred in this District and elsewhere.

**ANSWER:** Kroger denies that it resides in this judicial district and that acts of infringement occurred in this district but otherwise admits that venue is proper in this Court.

## COUNT I
(Infringement of U.S. Patent No. 8,219,445)

6. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 5 above.

**ANSWER:** Paragraph 6 of the Complaint does not contain any new allegations to which a response is required. However, to the extent that paragraph 6 was intended to elicit a response, Kroger incorporates its responses to paragraphs 1 through 5 of the Complaint.

7. On July10, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,219,445 entitled "Promotion Processor and Management System" ("the '445 Patent"). A true and correct copy of the '445 Patent is attached as Exhibit 1.

**ANSWER:** Kroger denies that the '445 patent was duly and legally issued, but otherwise admits the allegations in paragraph 7.

8. AMS is the owner of the '445 Patent and has all substantial rights and interests in the '445 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '445 Patent.

**ANSWER:** Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies these allegations.

9. Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the '445 Patent by making and/or using a website and/or mobile application that embody the patented invention.

**ANSWER:** Kroger denies the allegations in paragraph 9.

10. Kroger's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Kroger Plus Card (i.e., loyalty card) for later redemption at time of purchase.

**ANSWER:** Kroger denies the allegations in paragraph 10.

11. AMS provided Kroger with actual notice, in writing and otherwise, of the '445 Patent and Kroger's infringing activity, and demanded that Kroger cease and desist from infringing the '445 Patent.

**ANSWER:** Kroger admits that AMS provided Kroger with actual notice of the existence of the '445 patent but otherwise denies the allegations in paragraph 11.

12. Kroger has intentionally and willfully infringed the '445 Patent and continues to intentionally and willfully infringe the '445 Patent.

**ANSWER:** Kroger denies the allegations in paragraph 12.

13. AMS has suffered damages and will continue to suffer damages as a result of Kroger's infringement of the '445 Patent. AMS is entitled to damages as provided for by law for Kroger's infringement of the '445 Patent.

**ANSWER:** Kroger denies the allegations in paragraph 13.

14. As a result of Kroger's infringement of the '445 Patent, Kroger has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

**ANSWER:** Kroger denies the allegations in paragraph 14.

## COUNT II
(Infringement of U.S. Patent No. 8,370,199)

15. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 14 above.

**ANSWER:** Paragraph 15 of the Complaint does not contain any new allegations to which a response is required. However, to the extent that paragraph 15 was intended to elicit a response, Kroger incorporates its responses to paragraphs 1 through 14 of the Complaint.

16. On February 5, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,370,199 entitled "Promotion Processor and Management System" ("the '199 Patent"). A true and correct copy of the '199 Patent is attached as Exhibit 2.

**ANSWER:** Kroger denies that the '199 patent was duly and legally issued, but otherwise admits the allegations in paragraph 16.

17. AMS is the owner of the '199 Patent and has all substantial rights and interests in the '199 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '199 Patent.

**ANSWER:** Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies these allegations.

18. Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the '199 Patent by making and/or using a website and/or mobile application that embody the patented invention.

**ANSWER:** Kroger denies the allegations in paragraph 18.

19. Kroger's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Kroger Plus Card (i.e., loyalty card) for later redemption at time of purchase.

**ANSWER:** Kroger denies the allegations in paragraph 19.

20. AMS provided Kroger with actual notice, in writing and otherwise, of the '199 Patent and Kroger's infringing activity, and demanded that Kroger cease and desist from infringing the '199 Patent.

**ANSWER:** Kroger admits that AMS provided Kroger with actual notice of the existence of the '199 patent but otherwise denies the allegations in paragraph 20.

21. Kroger has intentionally and willfully infringed the '199 Patent and continues to intentionally and willfully infringe the '199 Patent.

**ANSWER:** Kroger denies the allegations in paragraph 21.

22. AMS has suffered damages and will continue to suffer damages as a result of Kroger's infringement of the '199 Patent. AMS is entitled to damages as provided for by law for Kroger's infringement of the '199 Patent.

**ANSWER:** Kroger denies the allegations in paragraph 22.

23. As a result of Kroger's infringement of the '199 Patent, Kroger has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

**ANSWER:** Kroger denies the allegations in paragraph 23.

**COUNT III**

(Infringement of U.S. Patent No. 8,538,805)

24. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 23 above.

**ANSWER:** Paragraph 24 of the Complaint does not contain any new allegations to which a response is required. However, to the extent that paragraph 24 was intended to elicit a response, Kroger incorporates its responses to paragraphs 1 through 23 of the Complaint.

25. On September 17, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,538,805 entitled "Promotion Processor and Management System" ("the '805 Patent"). A true and correct copy of the '805 Patent is attached as Exhibit 3.

**ANSWER:** Kroger denies that the ‘805 patent was duly and legally issued and denies that the ‘805 patent is entitled “Promotion Processor and Management System,” but otherwise admits the allegations in paragraph 25.

26. AMS is the owner of the ‘805 Patent and has all substantial rights and interests in the ‘805 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the ‘805 Patent.

**ANSWER:** Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies these allegations.

27. Upon information and belief, Kroger has infringed and continues to infringe one or more claims of the ‘805 Patent by making and/or using a website and/or mobile application that embody the patented invention.

**ANSWER:** Kroger denies the allegations in paragraph 27.

28. Kroger’s infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer’s Kroger Plus Card (i.e., loyalty card) for later redemption at time of purchase.

**ANSWER:** Kroger denies the allegations in paragraph 28.

29. AMS provided Kroger with actual notice, in writing and otherwise, of the ‘805 Patent and Kroger’s infringing activity, and demanded that Kroger cease and desist from infringing the ‘805 Patent.

**ANSWER:** Kroger admits that AMS provided Kroger with actual notice of the existence of the ‘805 patent but otherwise denies the allegations in paragraph 29.

30. AMS has suffered damages and will continue to suffer damages as a result of Kroger's infringement of the '805 Patent. AMS is entitled to damages as provided for by law for Kroger's infringement of the '805 Patent.

**ANSWER:** Kroger denies the allegations in paragraph 30.

31. As a result of Kroger's infringement of the '805 Patent, Kroger has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

**ANSWER:** Kroger denies the allegations in paragraph 31.

## EXCEPTIONAL CASE

32. Kroger's infringement of the '445, '199 and '805 Patents and the circumstances surrounding that infringement render this case exceptional under 35 U.S.C. § 285 and AMS is therefore entitled to its reasonable attorneys' fees and costs.

**ANSWER:** Kroger denies the allegations in paragraph 32.

## JURY DEMAND

33. Plaintiff AMS demands a trial by jury as to all issues so triable.

**ANSWER:** Paragraph 33 of the Complaint does not contain any allegations to which a response is required. However, to the extent that paragraph 33 was intended to elicit a response, Kroger admits that AMS purports to demand a trial by jury. Kroger denies all other allegations in paragraph 33.

## PRAYER FOR RELIEF

34. WHEREFORE, plaintiff AMS prays for the following relief:

a. That the Court enter a judgment that Kroger has infringed, the '445, '199 and '805 Patents in violation of 35 U.S.C. § 271;

b. That the Court enter a judgment that Kroger's infringement of the '445, '199 and '805 Patents was willful;

c. That the Court award damages to AMS against Kroger adequate to compensate AMS for Kroger's past infringement of the '445, '199 and '805 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses;

d. That the Court award enhanced damages pursuant to 35 U.S.C. § 284, including enhanced damages based upon Kroger's willful infringement of the '445, '199 and '805 Patents;

e. That the Court permanently enjoin Kroger, its officers, agents, servants, employees, parents, subsidiaries, affiliates, and successors from infringing the '445, '199 and '805 Patents;

f. That the Court determine this case to be exceptional under 35 U.S.C. § 285, and that AMS be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

g. That the Court award of pre-judgment and post-judgment interest and costs to AMS;

h. That the Court grant such other and further relief as this Court may deem just and appropriate.

**ANSWER:** Kroger denies that AMS is entitled to any of the relief sought in the prayer or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Kroger asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

### FIRST DEFENSE

35. AMS fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

36. Kroger does not infringe any claim of the ‘445 patent – directly, indirectly, literally, under the doctrine of equivalents or otherwise.

**THIRD DEFENSE**

37. Kroger does not infringe any claim of the ‘199 patent – directly, indirectly, literally, under the doctrine of equivalents or otherwise.

**FOURTH DEFENSE**

38. Kroger does not infringe any claim of the ‘805 patent – directly, indirectly, literally, under the doctrine of equivalents or otherwise.

**FIFTH DEFENSE**

39. One or more claims of the ‘445 patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 102, 103, and 112 at least because (i) one or more claims, including at least claim 9, are anticipated or at least rendered obvious by one or more prior public uses, prior art patents and publications that, either alone or in combination, teach every limitation of the claim including, for example, U.S. Patent No. 5,612,527, entitled “DISCOUNT OFFER REDEMPTION SYSTEM AND METHOD,” and (ii) one or more claims, including at least claim 9, are indefinite and are unsupported by an enabling written description in the specification and drawings of the ‘445 patent.

**SIXTH DEFENSE**

40. One or more claims of the ‘199 patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 102, 103, and 112 at least because (i) one or more claims, including at least claim 15, are anticipated or at least rendered obvious by one or more prior public uses, prior

art patents and publications that, either alone or in combination, teach every limitation of the claim including, for example, U.S. Patent No. 5,612,527, entitled "DISCOUNT OFFER REDEMPTION SYSTEM AND METHOD," and (ii) one or more claims, including at least claim 28, are indefinite and are unsupported by an enabling written description in the specification and drawings of the '199 patent.

**SEVENTH DEFENSE**

41. One or more claims of the '805 patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 102, 103, and 112 at least because (i) one or more claims, including at least claim 1, are anticipated or at least rendered obvious by one or more prior public uses, prior art patents and publications that, either alone or in combination, teach every limitation of the claim including, for example, U.S. Patent No. 5,612,527, entitled "DISCOUNT OFFER REDEMPTION SYSTEM AND METHOD," and (ii) one or more claims, including at least claim 1, are indefinite and are unsupported by an enabling written description in the specification and drawings of the '805 patent.

**DATED:** September 8, 2014

**RESPECTFULLY SUBMITTED,**

*<u>/s/ Amy B. Boyea</u>*

Amy B. Boyea (State Bar No. 24026910)
Kendall J. Burr (State Bar No. 24067533)
EDISON, MCDOWELL &
HETHERINGTON LLP
2000 East Lamar Blvd, Suite 590
Arlington, Texas 76006
T: (817) 635-7300
F: (817) 635-7308
amy.boyea@emhllp.com
kendall.burr@emhllp.com

Of counsel:
Stephen J. Butler (*pro hac vice* to be filed)
Jeffrey C. Metzcar (*pro hac vice* to be filed)
THOMPSON HINE
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202-4089
T: (513) 352-6587
F: (513) 241-4771
steve.butler@thompsonhine.com
jeff.metzcar@thompsonhine.com

*Attorneys for Defendant The Kroger Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 8th day of September, 2014.

*/s/ Amy B. Boyea*
Amy B. Boyea

791647.1